*239 OPINION.
Arundell:
The petitioner has consistently valued his inventories upon the basis of cost or market, whichever is lower. At December 31, 1920, the market value of merchandise on hand was uniformly lower than cost and petitioner, consistent with his prior practice, returned the inventory, for the purposes of the tax, at what purported to be the market value thereof. The inventories at the factory and at the New York retail store were taken separately, the first being returned at a value of $188,133.30 and the latter at a value of $654,861.42, which included certain discontinued lines of merchandise valued, on the basis of remnant prices, at $15,431.06. In computing income for 1921, petitioner returned the opening inventories at the values stated above. Respondent accepted the value of $188,133.30, which had been placed thereon by the petitioner, as the market value of the finished goods at the factory, but, in order that the merchandise in the retail store inventory might be valued at the same unit prices at which identical goods in the factory inventory were valued, he reduced the retail store inventory, including the goods valued at remnant prices for which there was no counterpart in the factory inventory, by 25 per cent, or $163,715.35, bringing the retail store inventory down to a value of $491,146.07. The controversy here involves this action of respondent in reducing the retail store inventory by $163,715.35.
We are not concerned with the value of the factory inventory of finished goods, since that is not in dispute. The petitioner returned a market value therefor of $188,133.30, which was accepted by the respondent, and since the pleadings raised no issue in respect thereof, we must leave it as we find it.
The petitioner submitted no evidence in an endeavor to prove the correctness of the retail store inventory as originally valued by him. As a matter of fact the evidence presented by petitioner in support of the allegation of error proves quite conclusively that the value of $639,430.36 which he placed on the retail store inventory, exclusive of discontinued lines, was not the market value thereof at December 31,1920. On the other hand, the evidence is equally convincing that respondent did not accomplish the end which he sought to attain by reducing by 25 per cent the value returned by petitioner for the *240 retail store inventory, and that the result attained by the respondent does not represent the market value of this inventory at the date in question.
The replacement cost of the finished goods in the retail store inventory, exclusive of discontinued lines, at December 31, 1920, based on the then current market for raw materials, labor and overhead, is shown by the evidence to have been $578,316.97, and this represents the market value of that inventory at the date aforementioned. To this amount, the petitioner asks that we add a differential of 5y2 per cent to cover freight, drayage, and other charges incidental to transportation from factory to retail store in New York, but the evidence is insufficient to support a finding or conclusion as to the proper amount to be added to cover such charges. The petitioner presented no proof that the discontinued lines of goods had any inventory value different from that placed upon them by the respondent, i. e., $15,431.06, less 25 per cent, or $11,573.30, and respondent’s valuation of these goods must stand. The total market value of the retail store inventory, at December 31, 1920, was not less than $589,890.27.
Judgment will be entered on 10 days’ notice, under Rule 60.